ON APPLICATION FOR ADMISSION TO THE BAR
JjPER CURIAM.
Petitioner, Armer Anumihe Bright, successfully passed the essay portion of the July 1999 Louisiana Bar Examination. However, the Committee on Bar Admissions (“Committee”) refused to certify his good moral character because criminal charges were then pending against him for insurance fraud (five felony counts). We deferred consideration of petitioner’s application for admission until the criminal case was concluded. On July 17, 2000, pursuant to a plea agreement, petitioner pleaded guilty to one count of misdemeanor theft. He was sentenced to six months imprisonment, suspended, subject to a two-year period of unsupervised probation with special conditions, including the requirement that he pay restitution to Travelers Insurance Company in the amount of $6,958.84 and that he refrain from seeking admission to the bar for a period of two years. Petitioner subsequently requested that he be permitted to withdraw his petition for admission to the practice of law. We granted his motion on October 11, 2000. In re: Bright, 99 3022 (La.10/11/00), 770 So.2d 335.
Two years later, on September 5, 2002, petitioner applied for the appointment of a commissioner in the instant matter. On October 16, 2002, we appointed a commissioner to take evidence and report to this court whether petitioner has the appropriate character and fitness to be admitted to the bar and allowed to practice law in the State of Louisiana. We also authorized the Office of Disciplinary Counsel to conduct an investigation into petitioner’s qualifications to be admitted to the bar. After | ¡.hearing evidence in the case, the commissioner filed his report with this court, recommending petitioner be denied admission to the practice of law except upon his participation “in a mentor program.” Both petitioner and the Committee objected to that recommendation, and oral argument was conducted before this court pursuant to Supreme Court Rule XVII, § 9(B)(3).
After hearing oral argument, reviewing the evidence, and considering the law, we conclude petitioner has failed to meet his burden of proving that he has “good moral character” to be admitted to the Louisiana State Bar Association. See Supreme Court Rule XVII, § 5(E).
Accordingly, it is ordered that the application for admission is denied.